Filed 5/9/25; certified for publication 5/30/25 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRYAN CABRERA,<br><br>Defendant and Appellant. | B339998<br><br>(Los Angeles County<br>Super. Ct. No. TA080714) |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge. Reversed and remanded with directions.

Bess Stiffelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Blake Armstrong, Deputy Attorney General, for Plaintiff and Respondent.

# I.    INTRODUCTION

In 2006, defendant Bryan Cabrera was convicted of first degree murder for an offense he committed when he was 15 years old.  He was sentenced to 50 years to life in prison.  In 2023, defendant filed a petition for recall and resentencing under Penal Code section 1170, subdivision (d)(1)(A)[1] (section 1170(d)(1)(A)), which permits juvenile offenders sentenced to life without the possibility of parole (LWOP) to petition for recall and resentencing under certain circumstances.  Defendant argued that because his sentence was the functional equivalent of LWOP, he was entitled to relief under section 1170(d)(1)(A).  The trial court denied the petition on the grounds that a sentence of 50 years to life is not the functional equivalent of LWOP and defendant's eligibility for a youthful offender parole hearing under section 3051 rendered the issue moot.  On appeal, defendant contends the court erred in ruling his sentence of 50 years to life was not the functional equivalent of LWOP and his eligibility for a youthful offender parole hearing under section 3051 did not preclude him from seeking relief under section 1170(d)(1)(A).  The Attorney General agrees, as do we.  Accordingly, we reverse the court's denial of defendant's petition and remand the case for the court to consider whether defendant meets the other requirements for relief under section 1170, subdivision (d).

---

[1]    All further statutory references are to the Penal Code.

## II. PROCEDURAL BACKGROUND[2]

In 2006, a jury convicted defendant of first degree murder (§ 187, subd. (a)) and found true the allegations that a principal personally and intentionally used and discharged a firearm causing death (§ 12022.53, subds. (b)–(d) & (e)(1)) and the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)(A)).  The trial court sentenced defendant to 50 years to life in state prison.

A prior panel of this division affirmed the judgment. (*People v. Cabrera* (Jan. 18, 2008, B194832) [nonpub. opn.].)

On August 22, 2023, defendant filed a petition for recall and resentencing under section 1170(d)(1)(A) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*).  Defendant argued that because his sentence was the functional equivalent of LWOP, he was entitled to relief under section 1170(d)(1)(A).  On September 25, 2023, then represented by counsel, defendant filed a second section 1170(d)(1)(A) petition that made the same argument.  That petition was followed by supplemental briefing by counsel on the issue of whether a sentence of 50 years to life is the functional equivalent of LWOP.

The trial court denied defendant's petition.  It ruled a sentence of 50 years to life is not the functional equivalent of LWOP.  Further, defendant's eligibility for a youthful offender parole hearing under section 3051 rendered the issue moot.

---

[2]     We omit a recitation of the facts underlying defendant's conviction as they are not relevant to this appeal.

# III. DISCUSSION

Section 1170(d)(1)(A) provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." Although section 1170(d)(1)(A) thus applies, by its own terms, to those juvenile offenders sentenced to "imprisonment for life without the possibility of parole," the Attorney General concedes that under *Heard, supra,* 83 Cal.App.5th 698, juvenile offenders who have been sentenced to the functional equivalent of LWOP are also entitled to relief under section 1170, subdivision (d)(1). The Attorney General further states, "The California Supreme Court has held that a 50-year-to-life sentence is the functional equivalent of an LWOP term (*People v. Contreras* (2018) 4 Cal.5th 349, 369), and thus [defendant], who received the same sentence, should be entitled to seek resentencing relief under section 1170, subdivision (d)(1)." We agree.

Further, citing *Heard, supra,* 83 Cal.App.5th at pages 628 through 629, the Attorney General concedes the trial court erred in ruling that defendant's eligibility for a youthful offender parole hearing under section 3051 precluded defendant from seeking relief under section 1170(d)(1)(A). We agree with *Heard's* holding that section 3051 eligibility does not defeat a defendant's section 1170(d)(1)(A) petition. (*Heard, supra,* 83 Cal.App.5th at pp. 628–629; *People v. Sorto* (2024) 104 Cal.App.5th 435, 440 ["offenders sentenced to functionally equivalent LWOP terms . . . are entitled to section 1170[, subdivision] (d) relief under the constitutional

4

guarantee of equal protection" and "parole eligibility under section 3051 does not render those offenders ineligible for relief under section 1170[, subdivision] (d)"].)

## IV.   DISPOSITION

The order denying defendant's section 1170(d)(1)(A) petition is reversed and the matter is remanded.  On remand, the trial court is to consider whether defendant meets the other requirements for relief under section 1170, subdivision (d).


KIM (D.), J.


We concur:


HOFFSTADT, P. J.


BAKER, J.


5

*People v. Cabrera*, B339998

HOFFSTADT, P. J., concurring:

Were the slate clean, I would defer to our Legislature's decision as to where to draw the line between entitlement and non-entitlement to relief under Penal Code section 1170, subdivision (d)(1)(A)—at least in a case, like this one, where the question presented is whether there is a rational basis to distinguish a sentence of 50 years to life from an LWOP sentence. However, our Supreme Court's holding in *People v. Contreras* (2018) 4 Cal.5th 349, 369 that "a sentence of 50 years to life is functionally equivalent to LWOP" is, in my view, inescapable and indistinguishable.  (Cf. *People v. Munoz* (2025) 110 Cal.App.5th 499, 510-512 [distinguishing this language because it arose in the context of an Eighth Amendment violation rather than an equal protection violation].)  I accordingly join the majority opinion.


                             _____, P. J.

                             HOFFSTADT

Filed 5/30/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRYAN CABRERA,<br><br>    Defendant and Appellant. | B339998<br><br>(Los Angeles County<br>Super. Ct. No. TA080714)<br><br>ORDER CERTIFYING<br>OPINION FOR<br>PUBLICATION<br><br>[NO CHANGE IN<br> JUDGMENT] |

THE COURT:

Non-party Juvenile Innocence & Fair Sentencing Clinic has requested that our opinion in the above-entitled matter, filed May 9, 2025, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).

The majority and concurring opinions are ordered published in the Official Reports.


_____
HOFFSTADT, P. J.          BAKER, J.          KIM (D.), J.